*Judicial Watch, Inc. v. U.S. Department of Justice*, **No. 17-cv-832 (D.D.C.)**

This tabular *Vaughn* index contains descriptions of records withheld in full or in part by the U.S. Department of Justice, pursuant to Exemption 5 of the Freedom of Information Act, 5 U.S.C.§ 552(b)(5).

**Documents Withheld in Full**

| Basis of Withholding | Description of Withheld Material |
|---|---|
| Attorney Work-Product Doctrine and Deliberative Process Privilege | These documents are emails (sometimes with attachments) among DOJ attorneys at various DOJ components and emails from DOJ attorneys to other agencies. They are all either inter-agency or intra-agency communications. The emails and attachments include attorney notes, opinions, and recommendations for actions in specific, ongoing, or anticipated cases. The attorney work-product doctrine of Exemption 5 protects the entirety of these emails and attachments because they are discussions relating to proposed Departmental actions created in reasonable anticipation of litigation. Additionally, the emails include the opinions and recommendations of attorneys regarding case strategy. Futhermore, some of these emails are also covered by the deliberative process privilege because DOJ attorneys are expressing opinions to supervisors regarding proposed actions in various cases. The emails expressing opinions all predate the final decisions and are therefore predecisional. They are deliberative because they include attorneys' recommendations and opinions on how to proceed. Revealing such opinions would hinder the ability of agency staff to provide candid evaluations and recommendations.<br><br>Documents 5153-1, 5156-1, 5164-1, and 5182-1 are working drafts of the memorandum issued by Acting Attorney General Yates on January 30, 2017, instructing Department of Justice officials not to defend the validity of Executive Order 13,769. Document 5303-1 is a working draft of a statement that was never issued by Acting Attorney General Yates. These documents are withheld in full pursuant to the deliberative process privilege; they do not contain any segregable, non-exempt information.<br><br>Documents 5190, 5213, 5217, 5221, 5242, 5243, 5245, 5268, and 5269 are intra-agency email chains in which Department of Justice officials discuss and analyze developments in litigation related to Executive Order 13,679. Document 5190-1 is an intra-agency memorandum attached to one such email, discussing and analyzing such developments. These documents are withheld in full pursuant to the attorney work-product doctrine and the deliberative process privilege; they do not contain any segregable, non-exempt information.<br><br>Document 5189 is a brief, forwarded email containing legal advice about the interpretation of Executive Order 13,679, sent in anticipation of pending litigation. Document 5596 is an intra-agency email chain discussing and analyzing developments in a case to which the Department of Justice was a party. Document 5697 is an intra-agency email chain discussing anticipated litigation. Document 5712 is a brief intra-agency memorandum sent via email, discussing and analyzing developments in a case to which the Department of Justice was a party. Document 5853 is a brief intra-agency memorandum sent via email, describing arrests that were expected to lead to prosecutions by the Department of Justice. These documents are withheld in full pursuant to the attorney work-product doctrine and the deliberative process privilege; they do not contain any segregable, non-exempt information.<br><br>Document 6792 is an email listing attendees at a meeting. It is withheld in full under the deliberative process privilege, as its release would necessarily reveal the protected subject matter of this deliberative meeting. It does not contain any segregable, non-exempt information. |

**Documents Witheld in Part[1]**

These documents are primarily emails between DOJ attorneys and emails from DOJ attorneys to other Executive Branch officials. They are all either inter-agency or intra-agency communications. In general, the emails contain deliberations about proposed agency actions and include ideas and recommendations expressed prior to a final decision being made.

The deliberative process privilege of Exemption 5 protects portions of these emails. Some of these emails and attachments (or portions of emails and attachments) are deliberative because they contain suggested edits that reflect Departmental deliberations on issues where no final determination had been finalized or formalized. Further, some of the attachments are successive versions of documents and show the internal development of the Department's decisions. All of the records withheld in this category pre-date the Department's final determinations in each decision-making process and, as such, they are pre-decisional, inasmuch as they precede and do not embody final agency responses.

Some of the withheld material is also protected by the attorney work-product doctrine.

The documents are listed in the order they are discussed in the accompanying brief.

| Doc. ID | From | To / CC | Date | Subject | FOIA Exemption & Description of Withheld Material |
|---|---|---|---|---|---|
| 5219 | Withheld | Withheld | Withheld | Fwd: EMERGENCY Motion in Darweesh et al. v. Trump et al., No. 1:17-cv-480 (EDNY) | Documents 5219 is an email chain beginning with three emails from plaintiffs' counsel in *Darweesh v. Trump*, No. 1:17-cv-480 (E.D.N.Y.). The remainder of this email chain, in which Department of Justice officials discuss that pending litigation, is withheld pursuant to the attorney work-product doctrine and the deliberative process privilege.<br><br>**Attorney Work Product.** This document contains emails among DOJ attorneys at various DOJ components and emails from DOJ attorneys to other agencies and are all either inter-agency or intra-agency communications. The emails and attachments include attorney notes, opinions, and recommendations for actions in specific, ongoing or anticipated cases. These discussions are relating to proposed Departmental actions created in reasonable anticipation of litigation. Here, OIP is |

---

[1] The envelope information provided correlates to the last in time email in each email chain.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | releasing only the portion of the email that was not intra-agency or inter-agency communication.<br><br>**Deliberative Process**.  These emails include the opinions and recommendations of attorneys regarding case strategy.  Futhermore, some of these emails are also covered by the deliberative process privilege because DOJ attorneys are expressing opinions to supervisors regarding proposed actions in various cases.  The emails expressing opinions all predate the final decisions and are therefore predecisional.  They are deliberative because they include attorneys' recommendations and opinions on how to proceed.  Revealing such opinions would hinder the ability of agency staff to provide candid evaluations and recommendations. |
| 5253 | Withheld | Withheld | Withheld | Fwd: EMERGENCY Motion in Darweesh et al. v. Trump et al., No. 1:17-cv-480 (EDNY) | Documents 5253 is an email chain beginning with the same three emails from plaintiffs' counsel in *Darweesh v. Trump*, No. 1:17-cv-480 (E.D.N.Y.).  The remainder of this email chain, in which Department of Justice officials discuss that pending litigation, is withheld pursuant to the attorney work-product doctrine and the deliberative process privilege.<br><br>**Attorney Work Product.**  This document contains emails among DOJ attorneys at various DOJ components and emails from DOJ attorneys to other agencies and are all either inter-agency or intra-agency communications.  The emails and attachments include attorney notes, opinions, and recommendations for actions in specific, ongoing or anticipated cases.  These discussions are relating to proposed Departmental actions created in reasonable anticipation of litigation.  Here, OIP is releasing only the portion of the email that was not intra-agency or inter-agency communication.<br><br>**Deliberative Process**.  These emails include the opinions and recommendations of attorneys regarding case strategy.  Futhermore, some of these emails are also covered by the deliberative process privilege because DOJ attorneys are expressing opinions to supervisors regarding proposed actions in various cases.  The emails expressing opinions all predate the final decisions and are therefore predecisional.  They are deliberative because they include attorneys' recommendations and opinions on how to proceed.  Revealing such opinions would hinder the ability of agency staff to provide candid evaluations and recommendations. |
| 5251 | Withheld | Withheld | Withheld | FW: Aziz v. Trump, revised Order | Document 5251 is an email chain beginning with emails involving plaintiffs' counsel in *Aziz v. Trump*, No. 1:17-cv-116 (E.D. Va.).  The remainder of this email |

| | | | | | | chain, in which officials from the Department of Justice discuss that pending litigation, are withheld pursuant to the attorney work-product doctrine and the deliberative process privilege<br><br>**Attorney Work Product.** This document contains emails among DOJ attorneys at various DOJ components and emails from DOJ attorneys to other agencies and are all either inter-agency or intra-agency communications. The emails and attachments include attorney notes, opinions, and recommendations for actions in specific, ongoing or anticipated cases. These discussions are relating to proposed Departmental actions created in reasonable anticipation of litigation.<br><br>Here, OIP is releasing only the portion of the email that was not intra-agency or inter-agency communication. |
|---|---|---|---|---|---|---|
| 5251-5 | Withheld | Withheld | Withheld | | FW: Motion for TRO -- Dulles Airport situation, Aziz v. Trump | Document 5251-5 is an email chain beginning with an email involving plaintiffs' counsel in *Aziz v. Trump*, No. 1:17-cv-116 (E.D. Va.). The remainder of this email chain, in which officials from the Department of Justice discuss that pending litigation, are withheld pursuant to the attorney work-product doctrine and the deliberative process privilege<br><br>**Attorney Work Product.** This document contains emails among DOJ attorneys at various DOJ components and emails from DOJ attorneys to other agencies and are all either inter-agency or intra-agency communications. The emails and attachments include attorney notes, opinions, and recommendations for actions in specific, ongoing or anticipated cases. These discussions are relating to proposed Departmental actions created in reasonable anticipation of litigation.<br><br>Here, OIP is releasing only the portion of the email that was not intra-agency or inter-agency communication. |
| 5203 | Axelrod, Matthew | Yates, Sally | 1/29/17 | | Fwd: Quick question | **Deliberative Process**. The withheld information consists of internal deliberations about how to address inquiries regarding the EO. The information is pre-decisional, as the deliberations were ongoing and Defendant had not yet determined how to respond to such inquiries. It is deliberative because it relects the recommendations and advice of Department of Justice officials. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials develop press statements and guidance on a sensitive matter. |

| 5204 | Axelrod, Matthew | Yates, Sally | 1/29/17 | Re: Press | **Deliberative Process**. The withheld information consists of proposed press guidance to Executive Branch officials for use in addressing inquiries regarding Executive Order 13,769 (the "EO"). The information is pre-decisional: it was not authorized as an official press statement, and Defendant had not yet determined how to respond to press inquiries. It is deliberative because it relects the recommendations and advice of Executive Branch officials. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Executive Branch officials develop press guidance on a sensitive matter. |
|---|---|---|---|---|---|
| 5205 | Yates, Sally | Axelrod, Matthew | 1/29/17 | Re: Press | **Deliberative Process**. This document is an email containing the same proposed press guidance contained in Document 5204. |
| 5212 | Axelrod, Matthew | Yates, Sally | 1/29/17 | Fwd: Quick question | **Deliberative Process**. The withheld information consists of internal deliberations about how to address inquiries regarding the EO. The information is pre-decisional, as the deliberations were ongoing and Defendant had not yet determined how to respond to such inquiries. It is deliberative because it relects the recommendations and advice of Department of Justice officials. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials develop press statements and guidance on a sensitive matter. |
| 5244 | Axelrod, Matthew | Yates, Sally | 1/28/17 | Fwd: EO review | **Deliberative Process**. The withheld information consists of recommendations and proposals for a press statement to Department of Justice officials for use in addressing inquiries regarding the EO. The information is pre-decisional, as it was provided prior to a final decision being made about how to respond to press inquiries. It is deliberative because it relects the recommendations and advice of Department of Justice employees regarding various approaches. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials develop press statements on a sensitive matter.<br><br>Note: Page 4 and part of page 3 of this document are an exact duplicate of Document 5257. |
| 5257 | Axelrod, Matthew | Yates, Sally | 1/28/17 | Fwd: EO review | **Deliberative Process**. The withheld information consists of a draft press statement to Department of Justice officials for use in addressing inquiries regarding the EO. The information is pre-decisional: it was not authorized as an |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | official press statement, and Defendant had not yet determined how to respond to press inquiries. It is deliberative because it relects the recommendations and advice of Department of Justice employees. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials develop press statements on a sensitive matter. |
| 5207 | Axelrod, Matthew | Yates, Sally | 1/29/17 | | Re: Call with | **Deliberative Process.** The withheld information consists of internal Department of Justice deliberations addressing the EO. The information is pre-decisional, as the deliberations are still ongoing and no responses have yet been determined and been provided to the public. It is deliberative because it relects the thoughts of Department of Justice employees. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials deliberate on important matters. |
| 5214 | Axelrod, Matthew | Yates, Sally | 1/29/17 | | Fwd: Process | **Deliberative Process.** The withheld information consists of internal discussions about internal departmental processes and procedures. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials discuss options for internal processes and procedures. |
| 5267 | Axelrod, Matthew | Yates, Sally | 1/28/17 | | Fwd: NPR piece | **Deliberative Process.** The withheld information consists of internal discussions between Department of Justice officials about press inquiries regarding EO. The information is pre-decisional, as it is not an official statement and officials were having an internal discussion about how to handle press inquiries. It is deliberative because it relects the recommendations and advice of Department of Justice officials. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials develop press statements on a sensitive matter. |
| 5845 | Yates, Sally | Axelrod, Matthew | 1/21/17 | | Re: Civil Rights followup | **Deliberative Process.** The withheld information consists of internal deliberations addressing inquiries regarding civil rights litigation. The information is pre-decisional, as the deliberations are ongoing and Defendant had not yet determined how to respond to the inquiries. It is deliberative because it relects the recommendations and advice of Department of Justice employees. Disclosure of the information reasonably could be expected to chill the open and frank |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | expression of ideas, recommendations, and opinions that occur when Department of Justice officials have internal discussions. |
| 5246 | Axelrod, Matthew | Yates, Sally | | 1/28/17 | Fwd: EDVA matter | **Deliberative Process.** The withheld information consists of internal Department of Justice deliberations addressing an ongoing matter. The information is pre-decisional, as the deliberations are still ongoing and no responses had yet been determined or provided to the public. It is deliberative because it relects the thoughts of Department of Justice officials. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials deliberate on important matters.<br><br>**Attorney Work Product.** This document contain emails among DOJ attorneys at various DOJ components and emails from DOJ attorneys to other agencies and are all either inter-agency or intra-agency communications. The emails and attachments include attorney notes, opinions, and recommendations for actions in specific, ongoing or anticipated cases. These discussions are relating to proposed Departmental actions created in reasonable anticipation of litigation. |
| 5415 | Goldsmith, Andrew | Yates, Sally Crowell, James | | 1/26/17 | | **Attorney Work Product.** This document contains emails among DOJ attorneys at various DOJ components and emails from DOJ attorneys to other agencies which are all either inter-agency or intra-agency communications. The emails and attachments include attorney notes, opinions, and recommendations for actions in specific, ongoing or anticipated cases. These discussions are relating to proposed Departmental actions created in reasonable anticipation of litigation. |
| 5475 | Gauhar, Tashina | Yates, Sally Axelrod, Matthew | | 1/25/17 | FW: FISC - Misc 13-08 - For Service on all parties | **Deliberative Process.** The withheld information consists of an internal discussion between Department of Justice officials, specifically addressing FISC opinions. It is deliberative because it relects the opinion of a Department of Justice official regarding the impact of a decision. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials have internal discussions. |
| 5581 | Axelrod, Matthew | Yates, Sally | | 1/24/17 | Fwd: Arizona/PIN matter | **Deliberative Process.** The withheld information consists of an internal discussion between Department of Justice officials, specifically addressing a pending matter. It is deliberative because it relects the opinion of a Department of Justice official. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Department of Justice officials have internal discussions expressing opinions of pending matters.<br><br>**Attorney Work Product.** This document contains emails among DOJ attorneys at various DOJ components and emails from DOJ attorneys to other agencies and are all either inter-agency or intra-agency communications. The emails include attorney notes, opinions, and recommendations for actions in specific, ongoing or anticipated cases. These discussions are related to proposed Departmental actions created in reasonable anticipation of litigation. |
| 5846 | Axelrod, Matthew | Yates, Sally | | 1/21/17 | Fwd: 851 sentencing enhancement data for FY16 | **Deliberative Process.** The withheld information consists of an internal discussion between Executive Branch officials. It is deliberative because it relects the opinion of Executive Branch officials regarding preliminary sentencing data.. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials have internal discussions. |
| 5276.1 | | | | 1/27/17[2] | Sensitive or High-Profile Matters Within Next Two Weeks | **Deliberative Process.** This document was attached to an email that was released in full. (Doc. ID - 0.7.10904.5276, with subject FW: 2 week look ahead). The withheld information consists of internal Department of Justice deliberations about ongoing matters. The information is pre-decisional, as the deliberations were still ongoing and no responses had yet been determined and been provided to the public. It is deliberative because it relects the thoughts of Department of Justice employees. Disclosure of the information reasonably could be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department of Justice officials deliberate on important matters.<br><br>**Attorney Work Product.** This document contains summaries written by DOJ attorneys at various DOJ components about pending or anticipated litigation. The summaries include attorney notes, opinions, and recommendations for actions in specific, ongoing or anticipated cases. These discussions are related to Departmental actions proposed to be taken in reasonable anticipation of litigation. |

---

[2] Using the date of the email for the date of the attachment. Attachment does not have a specific date.